11 WRIT GRANTED; REMANDED FOR FURTHER PROCEEDINGS.
*644 In this misdemeanor prosecution, the applicant seeks review of the denial of her “Motion to Have Hearings Before Randomly Assigned Judge.” For the following reasons, the writ is granted and the matter remanded for further proceedings.

Facts and Procedural History

The applicant, Danielle Oelmann, was charged by bill of information with simple criminal damage to property and disturbing the peace on May 2, 2011. The matter was initially assigned to Judge Robert Johnson. However, pursuant to an en banc order of the eleven judges of the Fourth Judicial District Court dated October 6, 2011, the case was transferred to Judge Carl Sharp. Apparently, an initial en banc order was made on September 2, 2009, assigning all criminal misdemeanor cases effective from January 1, 2010, through December 31, 2010, to Judge Sharp. The October 6 order continued the assignment of all misdemeanor cases for the year 2011 to Judge Sharp.
12With this situation, Oelmann filed a motion requesting that her case be randomly assigned to a judge. The trial court denied the motion without a hearing, holding that La. R.S. 13:587.2, the Rules for Louisiana District Courts and Local Rule 3.1 allowed the Fourth Judicial District Court to issue an en banc order assigning to Judge Sharp all criminal misdemeanor matters.
Oelmann seeks review of the trial court’s ruling. She claims that the Fourth Judicial District Court’s en banc orders do not comply with the Local Rules, Dist. Ct. Rule 14.0(a), or La. R.S. 13:587.2. She contends that misdemeanor cases as with all cases in the jurisdiction of the district court be randomly allotted.

Constitutional Statutory Authority and District Court Rules

Louisiana Constitution Article V, Section 16(A) provides, in pertinent part, the jurisdiction of the district court, as follows:
Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
By constitutional amendment in 2006, La. Const. Art. 5, § 15(A) of the constitution was amended to provide, in pertinent part, as follows:
Court Retention; Trial Courts of Limited Jurisdiction. The district, family, juvenile, parish, city, and magistrate courts existing on the effective date of this constitution are retained. Subject to the limitations in Sections 16 and 21 of this Article, the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. The legislature by law may establish trial courts of limited jurisdiction with parish- *645 wide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. Effective January 1, 2007, the legislature by law may establish new judgeships for district courts and establish the new divisions with limited or specialized jurisdiction within the territorial jurisdiction of the district court and subject matter jurisdiction over family or juvenile matters as provided by law.
|sBy statute added in 2001 and amended in 2008, the Fourth Judicial District Court was given the following authority:
A. Respecting seniority and the requirement that all cases be assigned randomly within multi-judge sections, the judges of the Fourth Judicial District Court, by rule adopted by a majority vote of the judges sitting en banc, may assign certain divisions of the court to a criminal section and certain divisions to a civil, drug court, driving while intoxicated court, mental health court, juvenile, or other section of the court.
B. No rule adopted by the court may assign any division, without its consent, to any section for a longer period than three years.
C. Notwithstanding any principal assignment to sections, all divisions of the court shall retain general jurisdiction to hear all matters.
La. R.S. 13:587.2.
Enacted in 2009, all district courts with multiple divisions of elected judges were given similar authority as the prior grant to the Fourth Judicial District Court, as follows:
A. Respecting seniority and the requirement that all cases be assigned randomly within multi-judge divisions or sections, the judges of any judicial district court, by rule adopted by a majority vote of the judges sitting en banc, may designate certain divisions or sections of the court as a specialized division or section having criminal, civil, drug court, driving while intoxicated court, mental health court, juvenile, violent crimes or homicides, or other specialized subject matter jurisdiction.
B. (1) If a special division or section of court is designated as a violent crimes or homicide section, the court may provide the district attorney’s office the opportunity to request an expedited docket to facilitate the hearing of cases involving homicides and crimes of violence that are committed with a dangerous weapon to ensure and secure the accuracy of testimony of witnesses and as a deterrence and prevention for crimes of violence and homicides.
(2) Notwithstanding any other provision of law or court rule to the contrary, the following components shall be complied with if a court designates a division or section of court as a violent crimes or homicide division or section and grants the district attorney’s request for expedited status:
(a) If the district attorney requests an expedited docket, the trial court shall schedule the case for trial no later than ninety days after time has elapsed for discovery.
(b) Continuances should be granted only for good cause and shall be for the shortest time practicable.
|4C. No rule adopted by the court may designate any division or section, without its consent, as a specialized division or section for a longer period than three years.
La. R.S. 13:587.4.
La. R.S. 13:319 provides:
Each civil and criminal proceeding and each application for writs shall be randomly assigned by the clerk, subject to the direct supervision of the court.
*646 Rule 3.1 of the Rules for Louisiana District Courts provides:
Courts may, by en banc order, divide into divisions or sections for the purpose of allotting matters within the court’s jurisdiction. Those courts that have done so, and their respective methods for assigning judges to divisions or sections, are indicated in Appendix 3.1.
Rule 14(a) of the Rules for Louisiana District Courts provides, in pertinent part:
The clerk of court shall randomly allot all criminal cases, unless an exception is established by law or these rules. The method of random allotment established by each district court ... is described in Appendix 14.0A.
Appendix 14.0A, the Local Rule for the Fourth Judicial District Court, establishes the method of random allotment in criminal cases and provides, in pertinent part:
(c) All other criminal cases arising after 7:00 a.m. on February 25, 2005, with the exception of offenses prosecuted under Title 32 of the Louisiana Revised Statutes, wildlife offenses prosecuted under Title 56 of the Louisiana Revised Statutes, and appeals from courts of limited jurisdiction, shall be randomly allotted by the Clerk of Court in accordance with Rule 14.0 of the Rules for Louisiana District Courts at the time a docket number is assigned.
A conflict between a uniform rule and legislation should be resolved by following the legislation. La. Dist. Ct. R. 1.0, Comment (a); State v. Cooper, 2010-2344 (La.11/16/10), 50 So.3d 115, 121.

Discussion

From the above, the constitution directs that “the legislature by law may establish new judgeships for district courts and establish the new divisions with limited or specialized jurisdiction of the district court.” La. Const. Art. 15(A). | sAction pursuant to that authority has not occurred as Judge Sharp’s division of the Fourth Judicial District Court retains general jurisdiction.
Subsequent to the constitutional amendment of 2006, Section 587.4 of Title 13 was enacted. La. R.S. 13:587.4. The language of this statewide statute closely mirrors that of the earlier authority given to the Fourth Judicial District Court pursuant to La. R.S. 13:587.2. The statutory interpretation of these provisions[1] is decisive for the question now presented by the applicant.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. C.C. art. 11.
Both Sections 587.2 and 587.4 begin with the directive to the district courts for respect of “the requirement that all cases be assigned randomly within multi-judge sections.” Section 587.2 then allows the judges of the Fourth Judicial District Court by en banc rule to “assign certain divisions of the court to a criminal section.” Parallel authority is expressed in similar language of Section 587.4 for the designation of “certain divisions or sections of the court as a specialized division or section having criminal” jurisdiction.
A division or a section of the court within these provisions appears from our re *647 view to be used loosely in two manners. However, the meaning is clear. Each judge of the court is understood as a division or section, and those judges from divisions or sections may be assigned to a specialized division or section. By substituting judges for the word divisions as used in Section 587.2, the statute allows an en banc rule to “assign certain [judges] of the court to a criminal section.” Use of the plural indicates that the statutes do not allow the assignment of a single-judge division as a “section” with specialized criminal jurisdiction. Such interpretation is in keeping with the requirement that all cases be assigned randomly within multi-judge sections or groupings and is consistent with the Fourth Judicial District Court’s existing Appendix 3.1, effective June 1, 2010, dividing the judges of the court into five sections, with one judge in each section primarily assigned to hear criminal matters. This arrangement permits the random allotment of criminal matters among five judges.
With this interpretation of Sections 587.2 and 587.4, it is clear that the en banc rule of the Fourth Judicial District Court assigning only one judge or division of the court to a specialized criminal misdemean- or section is in violation of the legislative directive. Accordingly, the applicant’s motion has merit, and the prosecution against her is remanded to the district court for random allotment from | fia pool consisting of the judges currently assigned to hear criminal matters under Appendix 3.1.

. We will consider both provisions since the latest expression of the legislature for this statutory authority might be argued as conflicting with and superceding the special granting of authority of Section 587.2.